**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ROBERTO C. CALDERON, #29582-179, | ) | |
|          Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-1252-M |
| | ) | ECF |
| CHARLES FELTS, Warden, | ) | |
|          Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for a writ of habeas corpus brought by a federal prisoner pursuant to 28 U.S.C. § 2241.

Parties: Petitioner is currently confined at the Eden Detention Center in Eden, Texas. Respondent is the warden at the Eden Detention Center. The Court did not issue process in this case pending preliminary screening.

Statement of Fact: Petitioner pled guilty to possession with intent to distribute a controlled substance, and was sentenced to 63 months imprisonment, and a five-year term of supervised release. *United States v. Calderon*, 5:03cr1735(01) (S.D. Tex., Laredo Div. Mar. 15, 2004). Petitioner neither appealed from the judgment of conviction, nor filed a post-conviction motion to vacate or set aside his sentence under 28 U.S.C. § 2255. *See id.*

In the present § 2241 action, Petitioner challenges his conviction on the ground of ineffective assistance of counsel. (Petition at 1-3). He asserts his counsel misadvised him that his guilty plea would not have any effect on his immigration status, coerced him to plead guilty, and charged him an excessive attorney fee. (*Id.*).

Findings and Conclusions: Although Petitioner denominates his current petition as one for relief under 28 U.S.C. § 2241, the petition clearly seeks to attack the validity of the federal sentence he is currently serving. A collateral attack on a federal criminal conviction is generally limited to a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); *Cox v. Warden, Fed. Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 habeas petition is properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Tolliver*, 211 F.3d at 877-88. Habeas relief under § 2241 may be appropriate only when the remedy provided under § 2255 is "inadequate or ineffective," the so-called "savings clause." *Jeffers*, 253 F.3d at 830.[1] "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." Id.[2]

---

[1] The savings clause of § 2255 states as follows:
An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*.
(Emphasis added).

[2] The Eden Detention Center is located in Concho County, which lies within the San Angelo Division of the Northern District of Texas. *See* 28 U.S.C. § 124(a)(4). Because Petitioner is incarcerated within the Northern District of Texas, this Court has jurisdiction to

Petitioner has not provided any valid reason why the § 2255's remedy is either inadequate or ineffective. The mere fact that the limitation period set out in § 2255 as amended on April 24, 1996, may bar Petitioner from filing an untimely § 2255 motion does not render the remedy provided by that section inadequate or ineffective. *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (citing *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (stating that statute of limitations bar to filing a second § 2255 motion, without more, is insufficient to demonstrate inadequacy or inefficacy)). Therefore, Petitioner is not entitled to relief under § 2241.

Even if the § 2241 petition were liberally construed as a motion filed pursuant to 28 U.S.C. § 2255, this Court would be without jurisdiction to consider the same. A § 2255 motion must be filed in the federal court in which the habeas petitioner was convicted and sentenced. *Escamilla v. Warden USP Beaumont*, 31 F.Appx. 155 (5th Cir. 2001) (unpublished); *Ojo v. Immigration and Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997); *United States v. Weathersby*, 958 F.2d 65, 66 (5th Cir. 1992).

---

determine whether he may proceed under § 2241. *See Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005) ("Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255."); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999) (same).

RECOMMENDATION:

For the foregoing reasons it is recommended that the habeas corpus petition pursuant to 28 U.S.C. § 2241 be DISMISSED for lack of jurisdiction.

A copy of this recommendation will be mailed to Petitioner.

Signed this 20th day of July, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.